UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald Butler,

                Plaintiff,              **MEMORANDUM OPINION AND ORDER**

v.                                     Civil No. 14-281 ADM/SER

City of Richfield; Steve Devich, City Manager of City of Richfield in his official and individual capacities; Chris Link, Operations Superintendent of City of Richfield in his individual and official capacities; Jay Henthorne, Deputy Director/Deputy Chief of Richfield Police Department in his official and individual capacities; Sergeant Dave Kromschroeder, in his individual capacity as a police officer; John Conito, in his individual capacity; Chief's Towing, Inc., contractual entity having authority to act for the City of Richfield, in its official and individual capacities; and Jeff Scheonborn, Chief's Towing General Manager, in his official and individual capacity,

                Defendants.

---

Donald Butler, pro se.

Daniel P. Kurtz, Esq., League of Minnesota Cities, St. Paul, MN, on behalf of the City of Richfield, Steve Devich, Chris Link, Jay Henthorne, Sergeant Dave Kromschroeder, and John Conito.

Mark Anthony Gray, Esq., Gray Law, Minneapolis, MN, on behalf of Chief's Towing, Inc., and Jeff Scheonborn.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendants City of Richfield (the "City"), Steve Devich, Jay Henthorne, Sergeant Dave Kromschroeder, and John Conito's (together, the "Richfield Defendants") Motion to Dismiss, or,

Alternatively, for Summary Judgment [Docket No. 21] and Defendants Chief's Towing, Inc. ("Chief's Towing") and Jeff Scheonborn's Motion to Dismiss [Docket No. 18]. Plaintiff Donald Butler ("Butler") opposes the motion. On May 20, 2014, Butler filed a motion requesting permission to "appear telephonically" for the hearing on Defendants' motions [Docket No. 36]. Thereafter, the parties agreed a hearing was not necessary, and agreed the motions could be decided on the written submissions. For the reasons stated herein, Defendants' motions are granted.

## II. BACKGROUND

On January 18, 2014, it snowed into the early morning hours in the City of Richfield (the "City" or "Richfield"). Butler, a Richfield resident, had parked his vehicle on the city street outside of his residence overnight. Later that morning, at about 9:30 a.m., Butler started his vehicle and ran the engine for several minutes to ensure the battery was still functioning. He then returned inside. At 11 a.m., Butler went back outside and discovered his car had been towed. 1st Am. Compl. [Docket No. 8] ¶¶ 21-22 ("Am. Compl."). The next day, on January 19, 2014, Butler retrieved his car from the city impound lot, where he also received a tow notice from Chief's Towing and a citation for failing to abide by the city's snow ordinance. Id. ¶¶ 23-24.

On January 30, 2014, Butler filed this action in federal court. On February 21, 2014, Butler's vehicle was again ticketed and towed by Chief's Towing. Thereafter, Butler again retrieved the vehicle from the impound lot. Id. ¶¶ 26, 28. On March 18, 2014, Butler filed his First Amended Complaint, in which he incorporated allegations pertaining to the February 21 impoundment of his vehicle.

Butler alleges three claims: (1) the City's snow ordinance, Richfield City Code § 1305.13, is unconstitutionally vague; (2) Defendants deprived Butler of his procedural and substantive due process rights under the Fourth and Fourteenth Amendments; and (3) Defendants are civilly liable for theft due to their improper towing of Butler's vehicle. Am. Compl. ¶¶ 32-46. For these claims, Butler seeks reimbursement for his fines and towing costs, an injunction barring enforcement of the City's snow ordinance, and $95,000 in compensatory punitive damages. Id.

### III. DISCUSSION

#### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure states a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court views the pleadings in the light most favorable to the nonmoving party. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted). The court also assumes the truth of the complaint's factual allegations, but "must reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). Also, as a pro se litigant, Butler's allegations will be construed liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quotation omitted).

#### B. Second Amended Complaint

On May 1, 2014, Butler filed a Second Amended Complaint [Docket No. 31], which was the same day he filed his memorandum in opposition to Defendants' motions to dismiss. The only discernible differences between the First and Second Amended Complaints are the addition of Defendant Chris Link and the correction of a page originally filed out of sequence. In their

reply brief, the Richfield Defendants argue Butler did not file the Second Amended Complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure, and so the Second Amended Complaint should be stricken.

Butler filed the Second Amended Complaint without proper leave. Under Rule 15(a)(1), a party may file an amended pleading once as a matter of course, either: (1) within 21 days after serving it; or (2) if a responsive pleading is required, within 21 days after service of the responsive pleading or a motion under Rule 12. On February 24, 2014, Butler served the original complaint. See Summons [Docket No. 6]. On March 18, 2014, before any responsive pleading had been filed, Butler filed the First Amended Complaint as a matter of course. As a result, Butler required either Defendants' consent or the Court's leave to file any subsequent amended complaint. Because Butler obtained neither before filing the Second Amended Complaint, the Second Amended Complaint is stricken. See Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (litigant's pro se status did not "entitle him to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case") (quotation omitted). Defendant Chris Link was thus not properly joined in this action and is dismissed.

**C. Vagueness**

Butler alleges that the City's ordinance governing snow removal is unconstitutionally vague under the due process clause. Richfield Municipal Code § 1305.13, titled "Snow Removal," states: "[a]fter two (2) inches or more and/or upon the declaration of a snow emergency by the City manager or a designee, no person shall stop, stand, park or leave any vehicle or permit it to stand upon any street or highway." Parking may resume only when the

snow has been removed or plowed from curb to curb. Id. § 1305.13, subd. 1. A separate ordinance addresses weather emergencies, stating the city manager or a designee may declare an emergency when it appears the weather has created, or is likely to create, hazardous road conditions. In such cases, the City may declare a 72-hour weather emergency, and must give notice of the emergency by "press, radio or television, which news media shall be requested to cooperate with the City officials and, when given, such notice shall constitute due and proper notice." Id. § 1305.14, subd. 3. The municipal code allows the City to remove or impound a vehicle without prior notice "[w]hen the vehicle is parked in violation of snow emergency regulations." Id. § 1305.11, subd. 5(d); see also id. § 1305.14, subd. 1 (authorizing police officer to cause vehicles to be moved to ensure snow removal).

A vague law potentially offends two key constitutional values. First, a vague law fails to provide "fair warning" to citizens, and may thus "trap the innocent." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982) (quoting Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972)). Second, a "law must provide explicit standards for those who apply them." Id. Without explicit standards, "policemen, judges, and juries" may engage in "arbitrary and discriminatory enforcement." Id. Also, in evaluating a challenged law, courts tolerate a higher level of vagueness when the law at issue enacts "civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." Id. at 499-500. Finally, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975).

Butler argues in broad, conclusory terms the snow removal ordinance is

unconstitutionally vague.  Construed liberally, Butler's complaint appears to allege that the snow removal ordinance leads to arbitrary enforcement.  Butler complains that the ordinance allows, but does not require, the City to declare a snow emergency before towing vehicles.  See Richfield, Minn., Code § 1305.14, subd. 3 (stating City "may" declare snow emergency).  See Am. Compl. ¶¶ 32-39.  This, Butler argues, results in unpredictable and arbitrary enforcement.  As proof of his contention, Butler alleges the City has adopted a policy of not declaring snow emergencies for routine snowfalls.  On the City's website, the City states, "Richfield doesn't have snow emergencies."  Id. ¶ 30.  Instead, the City imposes a blanket prohibition of parking vehicles "on City streets after a snowfall of two inches or more."  Id.

   The City's reliance on the "two inches of snowfall" rule does not demonstrate the law's capacity for arbitrary enforcement.  The inclusion of the weather emergency declaration provision grants the City an optional mechanism by which to regulate traffic safety, but the "two inches of snowfall" rule provides for consistent, non-arbitrary enforcement in cases of normal snowfall.  The mere fact that the code provides an option to declare weather emergencies does not render the law unconstitutional.  Some discretion is necessary when considering adverse weather conditions, and allowing city officials to decide whether to declare an emergency is not so broad as to allow arbitrary enforcement.  Furthermore, the emergency declaration provision states a clear standard for when it may be used and additionally requires a public announcement of the declaration.  As implemented by the City, the declaration provision is a supplemental tool to address emergency circumstances, including weather emergencies that do not involve snow.  See Richfield, Minn., Code § 1305.14, subd. 3 (addressing "snow, freezing rain, sleet, ice, snowdrifts or other natural phenomena").

In addition, Butler argues the snow removal law, and the City's enforcement of the law, leaves residents without any notice before their vehicles are seized. Butler argues he "does not go outside with a ruler to measure how much snow has fallen," but instead relies on the City's public communications regarding snow emergencies. Pl.'s Opp'n to Mot. Dismiss [Docket No. 30] 19. The City's failure to issue broadcast notices every time the city intends to plow, Butler argues, leaves residents uncertain as to when their vehicles may be towed. Butler also argues the City should provide notices to individual residents before their vehicles are towed, so that residents have an opportunity to avoid or challenge impoundment.

Butler confuses the "fair warning" provided by the text of the ordinance with the individual notices he argues should be required. A law only risks unconstitutional vagueness if the text of the law fails to provide "fair warning" as to what conduct is prohibited. Flipside, 455 U.S. at 498. In this case, the snow removal ordinance plainly states that parking on city streets is forbidden "[a]fter a snowfall of two (2) inches or more" or the declaration of a weather emergency. Richfield, Minn., Code § 1305.13, subd. 1. As a matter of law, this text provides "a person of ordinary intelligence" with fair notice of what conduct is being prohibited, and does not risk "trapping the innocent." Flipside, 455 U.S. at 498. Indeed, Butler implicitly concedes that he understands what the law regulates; he simply disagrees with the method of regulation. The issue of whether the City should provide some sort of individual notice of towing is a separate issue better considered as a due process issue, discussed below.

**D. Section 1983**

In addition to his constitutional challenge, Butler argues Defendants deprived him of procedural and substantive due process by seizing his vehicle without prior notice, and then

leaving him without recourse except to pay fines. Construing the First Amended Complaint liberally, Butler's rights deprivation claims are treated as Fourth and Fourteenth Amendment claims brought under 42 U.S.C. § 1983.[1]

### 1. Fourth Amendment Seizure

Butler alleges the towing of his vehicle without his knowledge constitutes an illegal seizure of his property in violation of the Fourth Amendment. Butler's arguments are not clearly delineated, but he primarily argues that Defendants should have provided him with advance warning that his vehicle was in violation of the snow removal ordinance and thus was subject to be towed. Defendants instead towed his vehicle and Butler argues he was only provided with a notification when he retrieved the vehicle from the impound lot. This seizure, Butler alleges, was unreasonable and violated the Fourth Amendment.

The Fourth Amendment prohibits unreasonable searches and seizures that lack prior approval by a court. However, courts have recognized a few "established and well-delineated exceptions" to this "cardinal principle." United States v. Kimhong Thi Le, 474 F.3d 511, 514 (8th Cir. 2007) (quotation omitted). One such exception is the "community caretaking" function of the police. Under this exception, police may remove and impound vehicles "which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic." South Dakota v. Opperman, 428 U.S. 364, 369 (1976).

Butler's allegations, taken as true and construed liberally, do not state a claim for a

---

[1] Defendants Chief's Towing and Jeff Scheonborn argue they did not act "under color of state law" and thus should not be exposed to § 1983 liability. There is some authority indicating that contracting companies involved in the seizure of vehicles may be liable under § 1983. See, e.g., Smith v. Insley's Inc., 499 F.3d 875, 880 (8th Cir. 2007). This issue is not reached because Butler has failed to state § 1983 claims.

Fourth Amendment violation. Chief's Towing, acting with authorization from the City, impounded Butler's vehicle in accordance with the snow removal ordinance. The removal of vehicles to allow for efficient plowing, a purpose explicitly stated in the municipal code, is reasonable and falls within the "community caretaking" exception to the Fourth Amendment. Butler does not allege any kind of wrongdoing or abuse of this authority, nor does he allege that police officers searched or inventoried his vehicle's contents after seizing it. The impoundment of a vehicle that violates a valid municipal ordinance, without any kind of further intrusion into privacy, has long been recognized as a valid exception to the prohibition against warrantless seizures. See Opperman, 428 U.S. at 368-69.

### 2. Fourteenth Amendment Due Process

In addition to the seizure of his vehicle, Butler argues Defendants violated his Fourteenth Amendment right to due process by denying him notice of the impoundment, and then denying him the opportunity to contest the City's decision to tow.

Butler's due process claim fails. The Eighth Circuit Court of Appeals has held, "[i]t appears settled that municipalities authorizing towing of illegally parked cars are not required by the Constitution to establish pre-deprivation notice and hearing procedures." Allen v. City of Kinloch, 763 F.2d 335, 336 (8th Cir. 1985). Due process only requires that Butler "have had, at a meaningful time and in a meaningful manner, an opportunity to challenge the seizure of his property." Id. at 336. Even where the deprivation of property occurs due to "a random and unauthorized act" that results in "a tortious taking of private property," due process "is satisfied if state tort law provides a meaningful post-deprivation remedy." Id. at 336-37. In this case, Butler had the opportunity to contest the towing and impoundment of his vehicle under Minn.

9

Stat. § 168B.035, subd. 6., which entitles the owner of the towed vehicle to recover damages equal to double the amount of actual injury.  Because Butler had a meaningful opportunity to challenge the towing, his due process claim is dismissed.

### 3. Substantive Due Process and Equal Protection

In the First Amended Complaint, Butler alleges Defendants violated his substantive due process rights, but Butler fails to address these allegations in his memorandum.  Butler's allegations do not state a claim for substantive due process, and his failure to defend this claim constitutes a waiver.  See Solum v. Bd. of Cnty. Comm'rs for Cnty. of Houston, 880 F. Supp. 2d 1008, 1016 (D. Minn. 2012).

Similarly, Butler argues in his memorandum for the first time that Defendants violated the equal protection clause of the Fourteenth Amendment, but he made no allegations in his Complaint to plausibly state such a claim.  Because Butler did not allege a claim for a violation of the equal protection clause, and because his opposition memorandum does not articulate how such a violation would have occurred, this claim is also dismissed.

### E. Civil Theft

In conjunction with his Fourth Amendment claim, Butler also alleges Defendants committed theft in violation of Minn. Stat. § 604.14, which attaches civil liability to theft.  Minnesota statutes authorize local authorities, and towing companies authorized by local authorities, to tow and impound vehicles according to certain requirements.  Minn. Stat. §§ 168B.035, 168B.04.  In particular, the local authority or its contracted towing company may tow a vehicle when "the vehicle is parked in violation of snow emergency regulations."  Id. § 168B.035, subd. 3(b)(1).  Butler does not demonstrate how Defendants in any way exceeded or violated Minnesota law.  Because Defendants lawfully removed Butler's vehicle, no theft occurred.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Chris Link is **DISMISSED**.

2. Defendants City of Richfield, Steve Devich, Jay Henthorne, Sergeant Dave Kromschroeder, and John Conito's Motion to Dismiss [Docket No. 21] is **GRANTED**.

3. Defendants Chief's Towing, Inc. and Jeff Scheonborn's Motion to Dismiss [Docket No. 18] is **GRANTED**.

4. All claims in the First Amended Complaint [Docket No. 8] are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 18, 2014.